IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURIE D. MCFADIN and § | | |
| STACY L. MCFADIN § | | |
| d/b/a Two Bar West, § | | |
| § | | |
| Plaintiffs, § | CIVIL ACTION NO. | |
| v. § | | |
| § | SA-08-CV-0598 FB (NN) | |
| ETERNAL PERSPECTIVES, LLC, § | | |
| LYNN GERBER and § | | |
| WILLIAM GERBER II § | | |
| d/b/a Foxy Roxy's, and § | | |
| d/b/a Eternal Perspective Handbags, § | | |
| § | | |
| Defendants. § | | |

**ORDER ON PENDING MOTIONS**

The matters before the Court are plaintiffs' unopposed motions to compel (docket entries 88 and 89). Also before the Court are unopposed motions for extension of deadlines (docket entries 90 and 91).

**Motions to Compel**: Plaintiffs' motions to compel concern requests for production which plaintiffs propounded to defendants in March and April, 2010. Defendants responded to the first set and plaintiffs argue in their motion to compel that those responses are inadequate and incomplete. Defendants failed to respond to the second set in any way. Plaintiffs argue in their second motion to compel that defendants have been uncooperative in making themselves available for deposition. Plaintiffs ask for an award of their expenses in connection with filing these motions.

Defendants have neglected to respond to either motion to compel. The Court is uncertain whether defendants persist in what they believe to be legitimate objections, or whether their silence indicates acquiescence in plaintiffs' position.  Their failure to respond to the motions is perplexing, given the breadth of the discovery requested.

Plaintiffs' motions to compel are authorized by Federal Rule of Civil Procedure 37(a). The federal rules permit discovery of information that is relevant to any claim or defense at issue. F.R.Civ.P. 26(b)(1).   While the discovery rules omit a specific definition of relevancy, Federal Rule of Evidence 401 provides that: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."  **Merrill v. Waffle House, Inc**., 227 F.R.D. 467, 470 (N.D.Tex.2005) (citations omitted).

A party opposing discovery, has the burden to establish the lack of relevance by demonstrating (1) that the requested discovery either is not relevant or (2) is of such limited marginal relevance that the burden or harm associated with responding to the discovery would outweigh the preference for broad disclosure.  **Scott v. Leavenworth Unified School District No. 453**, 190 F.R.D. 583, 585 (D. Kansas 1999).  The Fifth Circuit requires a party who objects to discovery specifically show how each request for production is burdensome or irrelevant. **McLeod, Alexander, Powel & Apffel, P.C. v. Quarles**, 894 F.2d 1482, 1485 (5th Cir.1990). **See also**, **S.E.C. v. Brady**, 238 F.R.D. 429, 436 (N.D. Tex. 2006).

The Court has examined the production requests.  The information sought appears

relevant.[1]  Defendants have altogether failed to show how the information sought is outside the scope of permissible discovery.  Defendants do not argue that compliance with the requests would be burdensome, or shown that the electronically stored information which plaintiffs seek is not reasonably accessible.

Finding that the information sought meets the minimal threshold of relevance and hearing no objections or arguments from defendants, the motions to compel are ORDERED GRANTED.  No later than October 8, 2010, defendants are ORDERED to (1) produce the requested documents and (2) communicate with plaintiffs' counsel those dates within the next 30 days that defendants are available for deposition.  Consistent with Federal Rule of Civil Procedure 37(a)(5), plaintiffs are directed to submit appropriate documentation of their request for an award of expenses.

**Motions for Extension of Deadlines**: Also before the Court are the unopposed motions to extend deadlines.  In light of the delays in obtaining discovery, the motions are GRANTED in part as follows:

a. Amendments to the pleadings shall be filed by November 30, 2010.

b. The parties shall complete all discovery except expert discovery on or before January 28, 2011.

c. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before March 14, 2011.

---

[1] **S.E.C. v. Brady,** 238 F.R.D. 429, 436 (N.D. Tex 2006)("Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed.")

Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before March 28, 2011.

    d.    The parties shall complete all expert discovery on or before April 25, 2011.

    e.    All dispositive motions shall be filed on or before May 30, 2011.

**SIGNED** on September 24, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE