IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURIE D. MCFADIN and<br>STACY L. MCFADIN<br>d/b/a Two Bar West,<br>Plaintiffs,<br>v.<br><br>ETERNAL PERSPECTIVES, LLC<br>LYNN GERBER and<br>WILLIAM GERBER II<br>d/b/a Foxy Roxy's, and<br>d/b/a Eternal Perspective Handbags, and | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br><br><br>SA08CA0598 FB |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

Defendants, Eternal Perspectives, LC, Lynn Gerber and William Gerber II ("Defendants"), by and through their counsel of record, J. Brent Garfield, respectfully submit the following Reply to Plaintiffs' Response to the Order to Show Cause from the Court and state as follows:

1.  11 U.S.C. § 326 (a)(1) provides in pertinent part:

**(a)** Except as provided in subsection (b) of this section, <u>a petition filed under section 301</u>, 302, 303 of this title, ... <u>operates as a stay</u>, applicable to all entities, of—

**(1)** <u>the commencement</u> or continuation, <u>including the issuance or employment of process</u>, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (Emphasis supplied)

2. Plaintiffs have filed a Response to the Court's Order to Show Cause arguing that their claims against William Gerber, II and Lynn Gerber in this suit arose from conduct of William Gerber, II and Lynn Gerber which occurred following the filing of their chapter 13 bankruptcy case on October 22, 2008.

3. At the time of the filing of this case on July 25, 2008, the defendants, William Gerber, II and Lynn Gerber were in a chapter 13 bankruptcy and were engaged in meeting the terms of a chapter 13 plan.

4. The terms of 11 U.S.C. § 326 (a)(1) prohibited the "commencement" of a judicial proceeding or the "issuance" of process against the Gerber's except as allowed under the provisions of 11 U.S.C. § 326 (b).

5. In order to commence its case against William Gerber, II and Lynn Gerber the Plaintiffs were required to obtain a lifting of the automatic stay from the Bankruptcy Court in which the case was pending upon a showing that the case could not have been commenced before the bankruptcy filing or arose from events after the commencement of bankruptcy. This is a factual question which is to be determined by the Bankruptcy Court with all parties having an opportunity to present factual evidence on the question of the applicability of the automatic stay.

6. It is evident from the numerous factual assertions upon which Plaintiffs rely in presenting their Response to the Order to Show Cause that the applicability of the stay turns on the facts. Whether a stay is to be lifted or not is to be resolved by the Bankruptcy Court having jurisdiction based upon facts presented in evidence to that Court.

7. The Defendants, William Gerber, II and Lynn Gerber assert that the automatic stay is in effect as they were actively engaged in a bankruptcy proceeding when this case was filed and service was made upon them.

8. No answer was filed by the Gerbers in this case until after protracted litigation over the issue of jurisdiction. Answer was only made following the decision of the Fifth Circuit on the jurisdiction issue.

WHEREFORE, the Defendants, William Gerber, II and Lynn Gerber, respectfully request that the Court require the Plaintiffs to move to lift the automatic stay in the Bankruptcy Court before further proceeding in this matter. This will allow the parties to present evidence on the matter in the appropriate forum.

DATED this 11th day of December 2010.

Respectfully submitted,

J. Brent Garfield
J. Brent Garfield, PLLC
5630 Ward Road
Arvada, Colorado 80002
Phone: 303.736.1182
Fax: 303.423.4170
Email: bgarfield@sonsio.com
ATTORNEY FOR DEFENDANTS

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of December 2010, a true and correct copy of the foregoing was served via U.S. Mail, postage pre-paid, and addressed to the following:

- 4 -

Charles W. Hanor, Esq.
Hanor, Lively & Cernyar
750 Rittiman Road
San Antonio, TX 78209