IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURIE D. MCFADIN and § | | |
| STACY L. MCFADIN § | | |
| d/b/a Two Bar West, § | | |
| § | | |
| Plaintiffs, § | CIVIL ACTION NO. | |
| v. § | | |
| § | SA-08-CV-0598 FB (NN) | |
| ETERNAL PERSPECTIVES, LLC, § | | |
| LYNN GERBER and § | | |
| WILLIAM GERBER II § | | |
| d/b/a Foxy Roxy's, and § | | |
| d/b/a Eternal Perspective Handbags, § | | |
| § | | |
| Defendants. § | | |

**ORDER REGARDING STATUS OF CASE**

This order addresses the status of this case as it relates to defendants' bankruptcy. Because defendants stated in their response to plaintiffs' motion for sanctions that they are in bankruptcy,[1] the court raised the issue of the bankruptcy stay and directed the parties to address the issue.[2]

Plaintiffs responded to the Court's order by arguing that the automatic stay was not triggered in this case because the factual allegations giving rise to the case occurred after the bankruptcy petition was filed.[3] Defendants maintain the stay applies because they were actively

---

[1] Docket entry # 114.

[2] Docket entry # 115.

[3] Docket entry # 123.

<05>
<06>
<07>
<08>
<09>

engaged in a bankruptcy proceeding when the case was filed and served on them.[4]

### Analysis

The automatic stay applies to claims that were or could have been commenced before the commencement of the bankruptcy proceeding.[5] Plaintiffs represent that their claims arose after the filing of the bankruptcy petition.[6] Thus, the stay was not triggered.

Because the stay was not triggered, this case shall continue in accordance with the scheduling order.

**SIGNED** on January 6, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4] Docket entry # 136.

[5] 11 U.S.C. § 326(a).

[6] *See* docket entry # 137.

2